UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN J. SHEFCIK, III,<br><br>                Plaintiff,<br><br>     v.<br><br>KING COUNTY,<br><br>                Defendant. | Case No. C08-5329 RJB/KLS<br><br>ORDER TO SHOW CAUSE |

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the court on Plaintiff's filing of a proposed civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 1). To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

On May 13, 2008, the Clerk of Court received Plaintiff's proposed complaint. (Dkt. # 1). On May 23, 2008, the Clerk sent Plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis*, or this matter could be subject to dismissal. (Dkt. # 2). The Clerk further informed Plaintiff that failure to comply by June 23, 2008 could result in dismissal of his case.

Plaintiff has responded by filing objections to this court's jurisdiction, claiming that he must have this case heard by a district court sitting in Seattle (Dkt. # 3) and now requests that this court transfer his

case to the State of California. (Dkt. # 4).

Plaintiff is advised that his case was assigned to the United States District for the Western District of Washington sitting in Tacoma because it has jurisdiction over cases filed by prisoners at the Stafford Creek Corrections Center where Plaintiff indicates that he is currently housed. (Dkt. # 1). Plaintiff is also advised that there is no legal basis for removal of a Section 1983 case filed in this District to the State of California. However, if Plaintiff desires to file his case in the State of California, he is free to do so at any time.

Plaintiff has no active case in this District as he has never filed an application to proceed *in forma pauperis* or paid a filing fee. The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

In addition, pursuant to 28 U.S.C. § 1915(b), a prisoner seeking to proceed *in forma pauperis* is required to submit a written acknowledgment and authorization form, authorizing the agency having custody over him to collect from his prison trust account an initial partial filing fee and subsequent monthly payments until the full filing fee is paid. Plaintiff has not submitted the acknowledgment and authorization form approved for use by this court.

Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
>
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees

ORDER
Page - 2

and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff has not submitted the written consent required by Local Rule CR 3(b)(2).

Accordingly, the Court **ORDERS** the following:

(1) If Plaintiff wishes to pursue this action in this court, he shall either pay the full $350.00 filing fee or if he cannot do so, he must file a proper application to proceed *in forma pauperis*, which shall include a copy of an acknowledgment and authorization form pursuant to 28 U.S.C. § 1915(b) and a copy of the written consent required by Local Rule CR 3(b). Plaintiff shall pay the filing fee or submit said application **no later than August 1, 2008. Failure to do so by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to Plaintiff, along with the appropriate forms.

DATED this 25th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge