UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN J. SHEFCIK,

    Plaintiff,

  v.

KING COUNTY,

    Defendant.

Case No. C08-5329 RJB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
September 12, 2008**

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff filed a proposed complaint, but failed to pay a filing fee of $350.00 or submitted an application to proceed *in forma pauperis*. Plaintiff was ordered to pay the filing fee or to submit an application to proceed *in forma pauperis*. (Dkt. 6). Plaintiff has not done so. Instead, he objects to the Court's jurisdiction, insists that his case is a "removed" action from Pierce County Superior Court, and now requests that the Court transfer his file to the District Court for the Northern District of California. (Dkt. # 7).

**DISCUSSION**

On May 13, 2008, Plaintiff filed a proposed complaint, claiming damages for the alleged unlawful seizure and forfeiture of property related to a search warrant executed in or about July 2000. (Dkt. # 1) Plaintiff entitled his document "Notice of Removal of Civil Action" and the heading at the top of his pleading states that it is to be filed in the "United States District Court Western District of Washington at

REPORT AND RECOMMENDATION
Page - 1

Seattle." *Id*.

Plaintiff did not pay the $350.00 filing fee nor did he submit an application to proceed *in forma pauperis*. *Id*. On May 23, 2008, the Clerk sent Plaintiff a letter notifying him that he had to either pay the filing fee or submit an application to proceed *in forma pauperis* by June 23, 2008 or his case could be dismissed. (Dkt. # 2). In response, Plaintiff submitted a letter to the Clerk, stating that he had "expressly conferred jurisdiction on the "United States District Court for the Western District of Washington at Seattle (not Tacoma)," and instructed the Court Clerk to immediately cancel the action in Tacoma and reinitiate the case "properly as a removal of civil action in Seattle." (Dkt. # 3).

Plaintiff also filed a "Notice/Copy of Writ of Prejudice Against the United States District Court at Seattle" (Dkt. # 4). In this filing, Plaintiff asserts that the "Interstate Compact Act with the State of California" mandates that the action he filed must be transferred to the State of California because the underlying action arises from events which took place before, during and after his extradition from California for criminal proceedings. *Id*., p. 2.

On July 25, 2008, Plaintiff was ordered to pay the $350.00 filing fee or submit an application to proceed *in forma pauperis* with his lawsuit in this Court. (Dkt. # 6). Plaintiff was advised that his case was assigned to the this District Court sitting in Tacoma because it has jurisdiction over cases filed by prisoners at the Stafford Creek Corrections Center where Plaintiff indicates that he is currently housed. (Dkt. # 1). Plaintiff was also advised that there is no legal basis for removal of a Section 1983 case filed in this District to the State of California. *Id*. Finally, Plaintiff was advised that if he desired to file his case in the State of California, he was free to do so at any time. *Id*. As he had no active case in this District, he was free to either pay the filing fee or file an application to proceed *in forma pauperis*. If he chose to submit an application, Plaintiff was advised that he was also required to submit a written acknowledgment and authorization pursuant to 28 U.S.C. § 1915(b) and a written consent form pursuant to Local Rule CR 3(b). *Id*. The Court provided Plaintiff additional time, until August 8, 2008 to pay the filing fee or submit the required information.

On August 5, 2008, Plaintiff responded to the Court's Order, again insisting that this Court erred when it did not file his complaint in Seattle and when it improperly denoted his "removed" action as a civil rights complaint. (Dkt. # 7, pp. 2-3). Plaintiff also referenced a criminal complaint filed on May 5,

REPORT AND RECOMMENDATION
Page - 2

2008 in this Court in support of his argument that Seattle is the appropriate venue for his case.

In that case, No. MC08-5008RBL, Plaintiff filed a complaint against the Pierce County Superior Court Clerk complaining of various violations by the Clerk of the Freedom of Information Act and the Washington State Public Records Act. (Dkt. # 2 therein). Plaintiff requested the Court to convene a Grand Jury to investigate the Pierce County Court Clerk for violations of 18 U.S.C. § 241. *Id*. The Court dismissed Plaintiff's complaint on the grounds that a private citizen can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. *Id*., p. 2.[1]

Plaintiff states that he filed a "Writ of Prejudice/Writ of Removal" with the U.S. District Court for the Northern District of California at San Jose on July 9, 2008, Case No. CV08-3303-MHP. (Dkt. # 7, p. 4). Apparently, Plaintiff has paid the filing fee in that case. *Id*. Plaintiff now requests this Court to close this case and transfer any and all files to the District of California.

Plaintiff has no active case in this District as he has never filed an application to proceed *in forma pauperis* or paid a filing fee. Moreover, Plaintiff's argument that his case was properly <u>removed</u> to this Court is without merit. Pursuant to 28 U.S.C. § 1446, a civil action may be removed by the **defendant or defendants** to the district court within thirty days after receipt of the initial pleading, or thirty days after the amended pleading, which sets forth the claim for relief upon which such action or proceeding is based. Based on the documents submitted by Plaintiff, it appears that Plaintiff filed a complaint in Pierce County, Washington four years ago. (Dkt. #1-2, pp. 13-22).

**CONCLUSION**

As Plaintiff has failed to pay a filing fee, submit an application to proceed *in forma pauperis* and as there is no basis for removal under 28 U.S.C.§ 1441, *et seq.*, the undersigned recommends that this action be dismissed. Plaintiff's request to transfer this case and/or files to the Northern District of California should be denied. A proposed order accompanies this Report and Recommendation.

---

[1] Plaintiff states that the Ninth Circuit found that his appeal from dismissal of the criminal complaint in Case No. MC08-5008RBL was clearly not frivolous. The record does not reflect such a finding. As of July 18, 2008, Plaintiff's *in forma pauperis* application before the appellate court was still pending. *See* Dkt. # 9, Ninth Circuit Case No. 08-35491.

REPORT AND RECOMMENDATION
Page - 3

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 12, 2008**, as noted in the caption.

Dated this  19th  day of August, 2008.

Karen L. Strombom
United States Magistrate Judge